## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-06496-JFW (SK) | Date | August 31, 2016 |
|---|---|---|---|
| Title | Isaac Zoelee v. Debbie Asuncion | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Marc Krause | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) ORDER TO SHOW CAUSE RE: EXHAUSTION

On July 26, 2016, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging a 1996 state conviction and sentence. On the Petition's face, it appears that Petitioner has not exhausted his state remedies and thus the Petition is subject to dismissal. (ECF No. 1, Petition ("Pet.")). However, the procedural history of this matter is not entirely clear and so the Court shall provide Petitioner an opportunity to avoid dismissal of the Petition for lack of exhaustion.

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

The Petition raises two grounds for relief:

1. Citing the California case of "*In re Banks*,"[1] Petitioner states: "Circumstances accomplice who lacks the intent, constitutional law articulates executing felony

---

[1] The Court assumes the correct intended citation is to *People v. Banks*, 61 Cal. 4th 788 (2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-06496-JFW (SK) | Date | August 31, 2016 |
|---|---|---|---|
| Title | Isaac Zoelee v. Debbie Asuncion | | |

    murder who did not personally kill. Petitioner did not personally kill the victim." (Pet. at 5).

2. Citing the California case *People v. Guiton*, 4 Cal. 4th 1116 (1993), Petitioner states: "Where the jury is presented with two factual theories for conviction, one which is insufficient, the theory that petitioner is under is illegitimate." (Pet. at 5).

    Petitioner states that he pursued a direct appeal and attaches his opening brief in the California Court of Appeal, dated August 14, 1997. In it, he raised seven grounds for relief – but none of them are the same as the two claims raised in the Petition here

    Petitioner further alleges that he pursued his direct appeal to the California Supreme Court, but he does not specify the result of his direct appeal to the California Supreme Court, which was presumably unfavorable, nor does he indicate whether any claims he raised there were the same as the two claims he seeks to pursue in the Petition here. (Pet. at 3).

    Petitioner further states that he has not pursued any other petition, application, or motion with respect to his conviction in any other court. (Pet. at 3-4). Based on this statement and the absence of any other evidence indicating that he has exhausted his two claims in the California Supreme Court, whether on direct appeal or on state collateral review, the claims would be barred for failure to exhaust state remedies.

    To further complicate matters, the Court notes that a "Zoelee Isaac" has filed habeas petitions in the California Court of Appeal (B268154) and the California Supreme Court (S202013) in 2015 and 2012, respectively. But if these habeas petitions relate to Petitioner's claims here, Petitioner has not made any allegations or offered any documentation to establish exhaustion based on those state petitions.

    Thus, Petitioner is hereby ORDERED TO SHOW CAUSE **on or before September 14, 2016** why the Court should not dismiss the Petition for failure to exhaust state court remedies. Petitioner may satisfy and discharge this Order to Show Cause by supplying a complete and accurate procedural history of his two federal claims. As to both claims Petitioner MUST STATE:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-06496-JFW (SK) | Date | August 31, 2016 |
|---|---|---|---|
| Title | Isaac Zoelee v. Debbie Asuncion | | |

    A. Whether he has raised that specific claim in the California Court of Appeal, and if so, to state the case number, date of disposition, and, if available, attach a copy of the California Court of Appeal order, opinion, or disposition; and

    B. Whether he has raised that specific claim in the California Supreme Court, and if so, to state the case number, date of disposition, and, if available, attach a copy of the California Supreme Court order, opinion, or disposition.

Petitioner may submit this information in the form of a written memorandum or by filing a First Amended Petition on the form provided, being careful to complete the section on collateral review.

In addition, because Petitioner's name appears as both "Zoelee Isaac" and "Isaac Zoelee" in the pleadings, Petitioner should inform the Court of his correct first and last name in his response.

**If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend dismissal of the Petition. In addition, Petitioner is advised that failure to file a timely response to this Order to Show Cause may result in dismissal of this action for failure to prosecute. See Fed. R. Civ. P 41(b); L.R. 41-1.**

**If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Dismissal Form (CV-009).